IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01052-BNB

SAMMIE LEE WOODS,

      Applicant,

v.

T. C. OUTLAW, Warden, et al.,
THE ATTORNEY GENERAL OF THE STATE OF ARKANSAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
                        CLERK

---

## ORDER OF DISMISSAL

---

Applicant Sammie Lee Woods is a prisoner in the custody of the United States

Bureau of Prisons at a federal prison in Forrest City, Arkansas. Mr. Woods initiated this

action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. On May 28, 2009, he filed an amended application pursuant to § 2254. Mr.

Woods is challenging the validity of his federal conviction and sentence. On June 2,

2009, Magistrate Judge Boyd N. Boland ordered Mr. Woods to show cause why the

habeas corpus application should not be denied. On June 12, 2009, Mr. Woods filed a

response to Magistrate Judge Boland's show cause order.

The Court must construe the amended application and the response to

Magistrate Judge Boland's show cause order liberally because Mr. Woods is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

As noted above, Mr. Woods is challenging the validity of his federal conviction and sentence in this habeas corpus action. Mr. Woods and a number of co-defendants were convicted and sentenced in the District of Colorado, *see United States v. Woods*, No. 01-cr-00214-WYD-19 (D. Colo. May 5, 2004), and the judgments of conviction were affirmed on direct appeal, *see United States v. Small*, 423 F.3d 1164 (10th Cir. 2005). Mr. Woods previously has filed two motions pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. The first § 2255 motion was denied on the merits. *See United States v. Woods*, No. 06-cv-01898-WYD (D. Colo. June 11, 2007), *appeal dismissed*, No. 07-1271, 263 F. App'x 704 (10th Cir. Feb. 5, 2008). The second § 2255 motion was denied for lack of jurisdiction because Mr. Woods had not obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive § 2255 motion. *See United States v. Woods*, No. 08-cv-02529-WYD (D. Colo. Dec. 22, 2008), *appeal filed*, No. 09-1121 (10th Cir. Mar. 20, 2009).

As Magistrate Judge Boland correctly noted in his June 2 order to show cause, Mr. Woods may not challenge the validity of his federal conviction pursuant to § 2254 because § 2254 applies to inmates in custody challenging the validity of a state conviction or sentence. Magistrate Judge Boland also correctly noted that Mr. Woods cannot pursue his claims in this Court pursuant to 28 U.S.C. § 2241 because § 2241 is used to challenge the execution of a sentence and, in any event, Mr. Woods is not

2

incarcerated in Colorado. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (stating that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined"). Finally, Magistrate Judge Boland informed Mr. Woods that the Court would not construe this action as being asserted pursuant to § 2255 because Mr. Woods already has sought and been denied relief pursuant to § 2255 and nothing in the Court's file indicates that he has obtained the necessary authorization to file a second or successive motion pursuant to § 2255.

For all of these reasons, Magistrate Judge Boland ordered Mr. Woods to show cause why this action should not be dismissed. Magistrate Judge Boland advised Mr. Woods that, in order to show cause, he must identify the specific statutory authority that allows him to challenge the validity of his federal conviction and sentence in this Court in this action.

Mr. Woods fails in his response to Magistrate Judge Boland's show cause order to identify any statutory authority that would allow him to challenge the validity of his federal conviction and sentence in this Court in this action. Mr. Woods clearly believes that his conviction and sentence should be vacated. However, the proper procedure for Mr. Woods to pursue his claims is a motion to vacate pursuant to § 2255 in his criminal case. As Mr. Woods is aware, he must obtain authorization from the Tenth Circuit to file a § 2255 motion because he previously has sought and been denied such relief in his criminal case. Because there is no indication that Mr. Woods has obtained the necessary authorization, the Court agrees with Magistrate Judge Boland that this action should not be construed as a § 2255 motion. Accordingly, it is

3

ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that the motion to expand the record filed on May 28, 2009, is denied as moot.

DATED at Denver, Colorado, this _15_ day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01052-BNB

Sammie Lee Woods
Reg. No. 30425-013
FCI - Forrest City
PO Box 9000
Forrest City, AR 72336-9000

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk